UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ROBINSON A. CASTRO,
and other similarly situated individuals,

      Plaintiff (s)

v.

GIANNINO'S LLC,
d/b/a DAL CONTADINO TRATTORIA

      Defendant,

_____/

## COMPLAINT

The Plaintiff ROBINSON A. CASTRO, by and through undersigned counsel, hereby sues Defendant GIANNINO'S LLC, d/b/a DAL CONTADINO TRATTORIA, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff ROBINSON A. CASTRO under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760, to redress the injury done to him by the Defendant's discriminatory treatment on the basis of his National Origin.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Chapter 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Broward County, within the jurisdiction of this Honorable Court.

## **PARTIES**

6. Plaintiff ROBINSON A. CASTRO is a resident of Florida within the jurisdiction of this Court, who was employed by Defendant. The Plaintiff is a member of certain protected classes of persons because of his National Origin and his participation in protected activity under federal and state law.

7. Defendant GIANNINO'S LLC, d/b/a DAL CONTADINO TRATTORIA (hereinafter, "GIANNINO'S TRATTORIA", or Defendant"), is a profit corporation authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

## PROCEDURAL REQUIREMENTS

9. All conditions precedent for this action has been fulfilled. On or about August 27, 2019, Plaintiff ROBINSON A. CASTRO dual-filed his Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about December 10, 2019, the U.S. Equal Employment Opportunity Commission, on request, issued to Plaintiff a "Dismissal and Notice of Rights" with respect to such charge of discrimination.

10. The mentioned document was received by the Plaintiff on or about Monday, December 16, 2019. Consequently, the present Complaint is being filed within 90 days from the Plaintiff's receipt of the "Dismissal and Notice of Rights" *See composite Exhibit "A."*

## STATEMENT OF FACTS

11. Plaintiff ROBINSON A. CASTRO is a 39 years old male of Dominican Republic National Origin. Plaintiff ROBINSON A. CASTRO is a member of a protected class under Title VII, and the Florida Civil Rights Act, because of his National Origin, and because of his participation in protected activities within the meaning of federal and state law.

12. Defendant GIANNINO'S TRATTORIA is an Italian restaurant located at 2775 East Oakland Park Blvd., Fort Lauderdale, Florida 33306, where Plaintiff worked. The restaurant is specialized in homestyle Italian cuisine.

13. Defendant GIANNINO'S TRATTORIA employed Plaintiff ROBINSON A. CASTRO as a full time, a non-exempted salaried employee from on or about March 08, 2019, through approximately June 6, 2019, or 13 weeks.

14. The Plaintiff was hired as a line cook, and he was promised to be trained for Kitchen Manager. The Plaintiff was paid a salary of $1,425.00 weekly.

15. Throughout his employment with the Defendant, the Plaintiff performed his work in an exemplary fashion. The Plaintiff possessed all the required skills, training and qualifications for the job in question, and performed his duties without significant issue or controversy. The Plaintiff had more than 6 years working with Italian cuisine.

16. However, during the time Plaintiff was employed by the Defendant, The Plaintiff was subjected to unlawful acts of discrimination, and he was further subjected to different terms and conditions of employment, on basis of his National Origin.

17. The unlawful Discrimination and Harassment came at the hands of the owner of the business Filomeno Giannino a/k/a Nuncio Giannino, and his Italian assistant, Tony LNU.

18. Chef Nuncio Giannino hired Plaintiff due to his credentials and experience in Italian cooking and in kitchen management. However, Chef Nuncio Giannino would treat Plaintiff disrespectfully and talk to him with arrogance and disdain because Plaintiff was not Italian. Chef Nuncio Giannino would criticize the Plaintiff's knowledge of Italian food and handling of kitchen procedures, but at the same time Chef Nuncio Giannino denied Plaintiff any training in reference to Italian dishes or the handling of his Kitchen.

19. Plaintiff many times requested to receive instruction to prepare the dishes exactly as Chef Nuncio Giannino expected, but the chef refused to train the Plaintiff.

20. Chef Nuncio Giannino had a preferential treatment for Italian employees and he allowed his Italian Kitchen assistant Tony LNU, to harass Plaintiff because of his National Origin. Italian assistant Tony LNU displayed discriminatory and disrespectful conduct against Plaintiff because of his Dominican National Origin.

21. When Plaintiff asked Tony LNU something related to the preparation of dishes, Tony LNU refused to give any answer and he would say "You need to do only what I f…...g tell you to do because I am Italian, born in Italy, you are a Dominican, you will never learn".

22. Chef Nuncio Giannino not only discriminated against Plaintiff because he was not Italian, but he also allowed and promoted unlawful discrimination and harassment against Plaintiff.

23. Chef Nuncio Giannino would tell Plaintiff that he never would learn because he was not Italian. In vain Plaintiff reminded Chef Nuncio Giannino about his extensive knowledge of Italian food and his experience working at expensive Italian restaurants.

24. Assistant Chef Tommy LNU subjected Plaintiff to excessive job scrutiny, surveillance, and mistreatment, and blamed him for anything wrong that happened at the workplace. Chef Nuncio Giannino and his assistant Tommy LNU always made negative remarks about Hispanic employees including Plaintiff.

25. The frequent, severe, and offensive conduct of Chef Tommy LNU linked to Plaintiff's National Origin, created a hostile work environment in violation of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII")the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

26. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated and intimidated in his place of work. The Plaintiff knew that his superiors were forcing him to a voluntary resignation from his employment.

27. The Plaintiff lived in anxiety, and fear of losing his job. Every day he tried to do his best to please Chef Nuncio Giannino and his Assistant, to no avail. The illegal conduct of these individuals escalated, and he became more hostile towards Plaintiff.

28. On or about the first week of May 2019, the Plaintiff complained with Chef Nuncio Giannino. The Plaintiff told the Chef Nuncio Giannino that he felt discriminated against and harassed because of his Dominican National Origin.

29. The Plaintiff also complained about the conduct of his Assistant Tony LNU and his discriminatory remarks such as "You need to do only what I f…...g tell you to do because I am Italian, born in Italy, you are a Dominican, you will never learn". Nevertheless, Chef Nuncio Giannino just answered: "What Tony said is true, he is Italian and there is nothing wrong with what he said", and then he added: "I will bring an Italian person to run my kitchen".

30. This complaint constituted protected activity under federal and state law.

31. As a result of the Plaintiff's complaints, the Plaintiff suffered a reduction of his salary from $1,425.00 weekly to $1,052 weekly.

32. After Plaintiff's complaint, he did not get any relief, just retaliatory increased harassment.

33. Soon, Chef Nuncio Giannino hired an Italian employee to run the kitchen. The Italian employee, Salvatore LNU was hired to be trained as Kitchen Manager. The new Italian employee received the position, the training, and the help that had been promised to Plaintiff at the time of hiring. Even Plaintiff trained the new Italian Kitchen Manager.

34. Finally, on or about June 6, 2019, Chef Plaintiff was fired, using pretextual reasons.

35. At the time of termination from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant, and the sole apparent reason for the termination of Plaintiff's employment was discrimination based on Plaintiff's National Origin.

36. The Plaintiff was fired by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of both Federal and State Laws.

37. Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

38. Defendant GIANNINO'S TRATTORIA is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which the Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

39. The Plaintiff has retained the law offices of the undersigned attorney to represent his in this action and is obligated to pay reasonable attorneys' fees and costs.

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:
## DISCRIMINATION BASED ON NATIONAL ORIGIN;

40. Plaintiff ROBINSON A. CASTRO re-adopts every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

41. At all times material hereto, the Employer/Defendant GIANNINO'S TRATTORIA failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's Race, Color, Religion, Sex, or National Origin."

42. The Defendant's decision to discriminate against Plaintiff ROBINSON A. CASTRO was because of Plaintiff's National Origin.

43. At all relevant times, including the time of the discrimination, Defendant GIANNINO'S TRATTORIA was aware that Plaintiff ROBINSON A. CASTRO was a Hispanic, and of Dominican National Origin.

44. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

45. The Plaintiff was qualified for the position apart from his apparent National Origin.

46. The Plaintiff was discriminated against by his supervisor Chef Nuncio Giannino and his Assistant Chef Tony LNU because Plaintiff was Hispanic and of a Dominican National Origin. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

47. The discrimination and harassment were perpetrated by the decision-makers, and this fact perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on the Plaintiff's National Origin. within the meaning of Title VII.

48. Defendant GIANNINO'S TRATTORIA through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff ROBINSON A. CASTRO on account of his National Origin, in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

49. Plaintiff ROBINSON A. CASTRO was wrongfully terminated by the Defendant GIANNINO'S TRATTORIA and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of his National Origin.

50. Any alleged nondiscriminatory reason for the termination of the Plaintiff's employment asserted by Defendant GIANNINO'S TRATTORIA is a mere pretext for the actual reasons for the termination from employment, Plaintiff's National Origin and complaints related to the unlawful acts of Discrimination and Harassment.

51. Defendant GIANNINO'S TRATTORIA is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

52. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff ROBINSON A. CASTRO suffered serious economic losses as well as mental pain and suffering.

53. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBINSON A. CASTRO respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant GIANNINO'S TRATTORIA, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on National Origin.

B. Reinstate Plaintiff ROBINSON A. CASTRO to the same position he held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff ROBINSON A. CASTRO.

D. Order Defendant GIANNINO'S TRATTORIA to make Plaintiff ROBINSON A. CASTRO whole, by compensating Plaintiff for lost wages, benefits, including front

pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

G. Award attorney's fees and costs.

## JURY TRIAL DEMAND

Plaintiff ROBINSON A. CASTRO demands a trial by jury on all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION

54. Plaintiff ROBINSON A. CASTRO re-adopts every factual allegation as stated in paragraphs 1-39 above as if set out in full herein.

55. is an action against GIANNINO'S TRATTORIA for unlawful retaliation under Title VII.

56. At all times material hereto, the Employer/Defendant GIANNINO'S TRATTORIA failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

57. Defendant GIANNINO'S TRATTORIA employed Plaintiff ROBINSON A. CASTRO as a full time, a non-exempted salaried employee from on or about March 08, 2019, through approximately June 6, 2019, or 13 weeks.

58. The Plaintiff is a member of a protected class under Title VII because of his National Origin, and because of his participation in protected activities within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)].

59. While working for Defendant GIANNINO'S TRATTORIA, the Plaintiff was subjected to discrimination and harassment based on his National Origin.

60. The Plaintiff explicitly informed the owner of the business that he was suffering discrimination based on his National Origin and opposed to these unlawful employment practices.

61. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

62. As a result, Plaintiff was forced to endure a continued, unrelenting, abusive and disparate treatment at the hands of individuals with the ability to hire, fire, promote, and discipline him, and he was eventually terminated in retaliation to his refusal to accept the unlawful discriminatory employment practices.

63. At the time of the Defendant's termination of his employment, the Plaintiff did perform and excel at the performance of the essential functions of his position.

64. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Discrimination and Harassment due to his National Origin.

65. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation within the meaning of Title VII.

66. The Defendant GIANNINO'S TRATTORIA is subjected to vicarious liability because it failed to take adequate remedial measures to halt the discrimination,

harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

67. Furthermore, the Defendant knowingly condoned and ratified the National Origin discrimination and retaliation of the Plaintiff.

68. Defendant's known allowance and ratification of the wrongful conduct created and facilitated an abusive, discriminatory, and hostile work environment based on the Plaintiff's National Origin, within the meaning of the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)].

69. As a direct and proximate result of the actions and/or omissions of the Defendant, the Plaintiff has suffered injury and losses including a violation of his statutory rights.

70. As a result of the Retaliation, Plaintiff ROBINSON A. CASTRO has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

71. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBINSON A. CASTRO respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant GIANNINO'S TRATTORIA, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff ROBINSON A. CASTRO to the same position he held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant GIANNINO'S TRATTORIA to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff ROBINSON A. CASTRO demands a trial by jury on all issues triable as of right by a jury.

## COUNT III:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
## CHAPTER 760: DISCRIMINATION BASED ON NATIONAL ORIGIN

72. Plaintiff ROBINSON A. CASTRO re-adopts every factual allegation as stated in paragraphs 1-39 and above as if set out in full herein.

73. At all times material hereto, the Employer/Defendant GIANNINO'S TRATTORIA failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

"*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment,*

*because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status"*

74. The discrimination of Plaintiff ROBINSON A. CASTRO by Defendant GIANNINO'S TRATTORIA was caused by the Defendant being aware of Plaintiff's National Origin.

75. The Defendant's decision to discriminate against Plaintiff ROBINSON A. CASTRO was because of Plaintiff's National Origin.

76. At all relevant times, including the time of discrimination, Defendant GIANNINO'S TRATTORIA was aware that Plaintiff ROBINSON A. CASTRO was Hispanic and from Dominican National Origin.

77. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

78. The Plaintiff was qualified for the position apart from him apparent National Origin.

79. The Defendant GIANNINO'S TRATTORIA is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

80. The failure of Defendant GIANNINO'S TRATTORIA to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

81. Defendant GIANNINO'S TRATTORIA through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff ROBINSON A. CASTRO on account of his National Origin in violation of the Act, with respect to its decision to treat Plaintiff different from other employees.

82. The discrimination and harassment were perpetrated by the decision-makers, and this fact perpetuated and facilitated an abusive, discriminatory, and hostile work environment based on the Plaintiff's National Origin. within the meaning of the Florida Civil Rights Act of 1992.

83. Plaintiff ROBINSON A. CASTRO was wrongfully terminated by the Defendant GIANNINO'S TRATTORIA and the Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff.

84. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff ROBINSON A. CASTRO suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

85. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant GIANNINO'S TRATTORIA, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's National Origin and his complaints related to the unlawful acts of Discrimination and Harassment.

86. Defendant GIANNINO'S TRATTORIA is subjected to vicarious liability for the actions of its agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to, despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

87. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their National

Origin. Discrimination based on National Origin constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

88. Plaintiff ROBINSON A. CASTRO has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBINSON A. CASTRO respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant GIANNINO'S TRATTORIA, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on National Origin;

B. Reinstate Plaintiff ROBINSON A. CASTRO to the same position held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant GIANNINO'S TRATTORIA to make Plaintiff ROBINSON A. CASTRO whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including punitive damages, attorney's fees (§448.104, Fla. Stat.) and further demands a trial by jury on all issues so triable.

Plaintiff ROBINSON A. CASTRO demands a trial by jury on all issues triable as of right by a jury.

## COUNT IV:
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## CHAPTER 760, FLORIDA STATUTES; RETALIATION

89. Plaintiff ROBINSON A. CASTRO re-adopts every factual allegation as stated in paragraphs 1-39 and 72-88 of this Complaint as if set out in full herein

90. This is an action against GIANNINO'S TRATTORIA for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, FL Statutes, (FCRA).

91. The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against those employees who exercise their lawful and protected rights under Title VII.

92. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".

93. The Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his National Origin, and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

94. Plaintiff ROBINSON A. CASTRO, while working for Defendant GIANNINO'S TRATTORIA was subject to discrimination and harassment based on his Dominican National Origin.

95. The Plaintiff explicitly informed the owner of the business that he was suffering discrimination based on his National Origin and opposed to these unlawful employment practices.

96. This protected activity resulted in retaliatory adverse actions that altered the terms, conditions, and privileges of the Plaintiff's employment.

97. As a result, Plaintiff was forced to endure a continued, unrelenting, abusive and disparate treatment at the hands of individuals with the ability to hire, fire, promote, and discipline him, and he was eventually terminated in retaliation to his refusal to accept the unlawful discriminatory employment practices.

98. The Defendant is subject to vicarious liability because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

99. Furthermore, the Defendant knowingly condoned and ratified the National Origin and retaliation of the Plaintiff.

100. Defendant's known allowance and ratification of the wrongful conduct created and facilitated an abusive, discriminatory, and hostile work environment based on the Plaintiff's National Origin, within the meaning of Section 760.10 of the Florida Civil Rights Act.

101. As a direct and proximate result of the actions and/or omissions of the Defendant, the Plaintiff has suffered injury and losses including a violation of his statutory rights.

102. The Plaintiff has no plain, adequate, or complete remedy at law. He is suffering and will continue to suffer irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBINSON A. CASTRO respectfully requests that this Court;

A. Grant a permanent injunction enjoining Defendant GIANNINO'S TRATTORIA, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7).

B. Award Plaintiff ROBINSON A. CASTRO judgment against the Defendant GIANNINO'S TRATTORIA for compensatory damages as determined by the Trier of fact.

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time the Plaintiff should have worked absent Defendant's discriminatory treatment.

D. Enter Judgment for Punitive damages against GIANNINO'S TRATTORIA.

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

## JURY TRIAL DEMAND

Plaintiff ROBINSON A. CASTRO demands trial by a jury of all issues triable as of right

by a jury.

Dated: March 13, 2020

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*